FLOMAC, INC., [1] Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent Flomac, Inc. v. Commissioner
Docket No. 19489-85.
United States Tax Court
T.C. Memo 1987-122; 1987 Tax Ct. Memo LEXIS 118; 53 T.C.M. (CCH) 305; T.C.M. (RIA) 87122; March 4, 1987. John L. Druguet (an officer), for the petitioner. Keith H. Johnson, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined that a deficiency in income tax in the amount of $10,161.53 and an addition to tax under section 6651(a)(1) [2] in the amount of $508.08 are due from Flomac, Inc. for the taxable year ending January 31, 1982. After concessions, the only issues for decision are: (1) whether petitioner is entitled to a deduction for a payment to the trustees of its pension plan; (2) whether petitioner is entitled to an automobile lease payment; and (3) whether petitioner is liable for an addition to tax pursuant to section 6651 (a)(1) for failing to timely file its corporate income tax return for the taxable year ending January 31, 1982. *120 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of facts and exhibits attached thereto are incorporated herein by reference. Flomac, Inc. (hereinafter "Flomac" or "petitioner") a Florida corporation, had its principal place of business in Lakeland, Florida during the taxable year at issue. Petitioner was dissolved on December 18, 1984; and, therefore, was no longer in existence at the time the deficiency notice was issued by respondent on March 28, 1985 or on June 21, 1985, when the petition was filed on its behalf by John L. Druguet ("Druguet"). However, during Flomac's existence, Druguet had been its president and had owned fifty percent of its outstanding stock. His wife, Helga Druguet, had been its secretary-treasurer and had owned the other fifty percent of its stock. For the taxable year ended on January 31, 1982, Flomac filed its corporate income tax returns using the cash basis of accounting with respondent's Service Center at Atlanta, Georgia. The return was received by the Service Center on April 22, 1982, seven days after its due date. It was mailed by Druguet from Willingboro, New Jersey. The delivery time for first-class *121 mail from New Jersey to the Atlanta Service Center during April of 1982 was three days or less. Prior to the taxable year in dispute, Flomac had adopted a pension plan effective for all taxable years beginning on or after February 1, 1981. The Druguets were the only employees of Flomac and the only beneficiaries of the pension plan. They were also the only trustees of the trust for the pension plan, but the trust investments were held and administered by the Capital Preservation Fund ("Capital"), Palo Alto, California. On April 28, 1982, Capital received a check in the amount of $17,981 from Flomac, bearing the date of April 12, 1982. Capital credited the pension trust's account for the $17,981 on April 30, 1982. The check had been written, signed, dated and mailed by Helga Druguet in Lakeland, Florida. The delivery time for first-class mail from Lakeland to Palo Alto during April of 1982 was three days or less. John was in Willingboro, New Jersey, from the beginning through the middle of April, 1982, and had no personal knowledge of the preparation or mailing of the check. On February 4, 1981, Flomac leased a Porsche 924 Silver Coupe from Helga Druguet for $140 per week. *122 On the same day Flomac leased a VW Scirrocco from John Druguet for $67.50 per week. At trial, a copy of Flomac's check number 106 was introduced on behalf of petitioner. The check bearing the date of January 26, 1982, is made payable to John L. and Helga Druguet in the amount of $10,800. It was deposited in their joint bank account on April 13, 1982. On its return for the year in question, Flomac claimed a deduction for the $17,981 paid to Capital as well as for the automobile lease payment in the amount of $10,800. In the notice of deficiency, respondent disallowed both deductions for lack of substantiation. Respondent also determined that Flomac's return was not timely filed and asserted the addition to tax under section 6651(a)(1). OPINION Pension Plan Contribution
An employer is deemed to have made a contribution to a qualified pension plan on the last date of the preceding taxable year if the payment of the contribution for such taxable year is made no later than the due date, including any extensions, for filing the employer's income tax return for that year. Section 404(a)(6). Petitioner has the burden of proof on this issue. ; *123 Rule 142(a). Petitioner admits that under section 404(a)(6) the last day upon which its payment to the pension plan could have been made in order to qualify for the deduction was April 15, 1982, the due date of its return for the taxable year ending on January 31, 1982. To prove that its payment was timely, petitioner relies solely upon the date reflected on the face of the check to Capital, or April 12, 1982. Such reliance, however, is misplaced because the very nature of the issue places the check's date in question. Obviously the best evidence of what actually occurred with respect to the check would have been the testimony of Helga Druguet. She wrote, dated, signed, and mailed the check to Capital, but at the trial petitioner's representative failed to call Helga Druguet as a witness even though he was informed by the Court on two separate occasions of the importance of such testimony. [3] Under these circumstances the unexplained failure to introduce her testimony gives rise to an assumption that if produced it would have been unfavorable to petitioner. , aff'd. . *124 In the absence of her testimony petitioner could have used other evidence such as a sequence of entries on its check stubs, check register, cancelled checks, or bank statement to corroborate its contention that the check to Capital was written and delivered to the pension trust before April 15, 1982. However, the record contains only the testimony of John L. Druguet, which is obviously hearsay and totally unreliable since he admitted that he was in New Jersey and had no personal knowledge of when the check was prepared, signed, and mailed. In view of the foregoing, we cannot find on this record that the contribution to the pension plan was made on or before April 15, 1982; and consequently, respondent's determination with respect to this issue is sustained. *125 Automobile Lease Payment
As a cash basis taxpayer Flomac was entitled to deduct its expenses, including the automobile leasing expense of $10,800, if otherwise allowable, in the fiscal year in which such expense was paid. Here again petitioner has the burden of proving that the lease payment was made prior to January 31, 1982, the end of the taxable year. ; Rule 142(a). Petitioner contends that we should find the payment was timely from the date on the check and the testimony of John L. Druguet. As with the first issue, petitioner has failed to present any reliable evidence to corroborate Druguet's testimony that the check was signed by him and accepted by him or by Mrs. Druguet on January 26, 1982, in payment of the leasing expense. Again the record contains no explanation of why his testimony could not be corroborated by such evidence as the sequence of entries on petitioner's check register, cancelled checks, bank statements, or the testimony of Mrs. Druguet. In the absence of any such corroboration we are unable to find that the payment was made during the taxable year and hence respondent's disallowance of the deduction *126 is sustained. Addition to Tax Under Section 6651(a)(1)
Petitioner admits that its return was due on or before April 15, 1982, under sections 6072(b) and 6081(b). Respondent admits that a timely mailing of the return would constitute timely filing under section 7502. By implication at least, petitioner also agrees that it has the burden of proving that the return was timely mailed. However, petitioner argues that respondent's inability to produce the postmarked envelope in which the return was mailed is in effect an admission by respondent that he was satisfied with the timeliness of the mailing of the return. Petitioner's argument is inapposite because it is not incumbent upon respondent to retain the wrappers of delinquent returns in order to prove they were delinquently mailed. It is incumbent upon petitioner to establish the timely mailing of the return and to explain why it was not received within the normal period of delivery. On this issue the record is also bare except the vague and uncertain testimony of Druguet that he was in New Jersey and not Florida until after April 15, 1982, and that "to the best of [his] knowledge, [he] put the return in an envelope *127 and mailed it on April 15th." If this were true it seems that petitioner would have logically introduced the testimony of Mrs. Druguet to corroborate her husband's testimony that he was absent from Florida and that the return was not mailed from Florida but from New Jersey. Petitioner's failure to do so again gives rise to the presumption that her testimony would have been unfavorable to petitioner. Consequently from the record before us we cannot conclude that the return was timely filed and that respondent's assertion of the addition to tax under section 6651(a)(1) is incorrect. Decision will be entered under Rule 155.
Footnotes
1. The petition in this case was filed on behalf of petitioner, a dissolved Florida corporation, by John L. Druguet, its president and 50 percent stockholder. See Fla. Stat. Ann., Section 607.297.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
3. With regard to this burden of proof, the following colloquies took place. The Court: * * * if he [John L. Druguet, petitioner's representative] wants to try to prove it by competent testimony, he may have to back up and call Mrs. Druguet. Respondent: Your Honor, again, I'd like to remind Mr. Druguet that Mrs. Druguet should be excluded from the courtroom if -- The Court: If she's going to testify, and if you have to prove something by her testimony, you'd better exclude her. (Whereupon Helga Druguet was excluded.) * * * The Court: All right. When do you say that the check was written and was handed to the trustee? Mr. Druguet: Your Honor, I believe the date on the check is the date of that transaction. The Court: But you don't have anything other than the date on the check? Mr. Druguet: No, sir, and that's because that's the only evidence of that transaction, Your Honor. The Court: But you didn't handle the transaction -- Mr. Druguet: No, sir -- The Court: Your wife did? Mr. Druguet: -- no, sir, she did. The Court: Okay. Do you have anything else that would have a tendency to prove when the check was delivered, when the payment was made? I can understand your point; you're saying -- Mr. Druguet: Yes, sir. The Court: -- that the lady, an officer of the corporation, wrote the check, handed it to herself as a trustee of the pension plan, and as a trustee of the pension plan she sent it somewhere else. * * * The Court: I see the point you're trying to make, It's a question of whether -- Mr. Druguet: Thank you, Your Honor. The Court: -- whether you could prove that particular point or not, and it looks to me like you're going to have to call the lady that handled the transaction to prove it. Mr. Druguet: Okay.↩